IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00033-EWN-KLM

ROBERT E. STALLINGS,

    Plaintiff(s),

v.

GOVERNOR BILL RITTER, JR.
ARISTEDES W. ZAVARAS, Ex. Dir.,
MICHAEL E. ARELLANO, Warden,
BETH KLINGENSMITH, Provider,
ROBERT CHAPMAN, CPT,
LABAZZETTA, L.T.,
PAULA FRANTZ, M.D.,
RITA FRITZ, SGT.,
WINGARD, CO, and
J. LARIMORE, CPT, all individually and in their official capacities,

    Defendant(s).
_____

# ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion to Dismiss** [Docket No. 18; Filed February 19, 2008]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO.L.Civ.R. 72.1.C., this matter has been referred to this Court for recommendation. The Court has reviewed the Motion to Dismiss, Plaintiff's Responses [Docket No. 21; Filed March 6, 2008], [Docket No. 24; Filed March 12, 2008] and [Docket No. 58; Filed June 13, 2008], Defendants' Reply [Docket No. 31; Filed April 4, 2008], the entire case file, and the applicable law and is sufficiently advised in the premises.

**I.    Statement of the Case**

At the time of filing, Plaintiff was incarcerated at the Fort Lyon Correctional Facility ("FTCF"). On January 7, 2008, Plaintiff filed his *pro se* Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983, alleging that prison officials failed to provide him with a vegan kosher diet, pressured him to change his religious beliefs, harassed him due to his religious beliefs, and denied him corrective hip surgery [Docket No. 3]. Plaintiff alleges that this treatment violated his First and Eighth Amendment rights. Defendants move to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

## II.   Exhaustion of Administrative Remedies

Defendants argue that Claims One, Two and Three must be dismissed because Plaintiff has not exhausted his administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a). The PLRA requires a prisoner to exhaust "such administrative remedies as are available" before suing over prison conditions. *See* 42 U.S.C. §1997e(a). Moreover, the exhaustion requirement "is mandatory, and the district court [is] not authorized to dispense with it." *Beaudry v. Corrections Corp. of Am.*, 331 F.3d 1164, 1167 n. 5 (10th Cir. 2003). However, in *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court found that "the failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." As an affirmative defense, exhaustion must be raised and proven by defendants. *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007).

In relation to Plaintiff's failure to exhaust his administrative remedies, Defendants have attached a sworn affidavit to their Motion. *Motion* [#18] at Ex. 1. In his Responses

to the Motion to Dismiss, Plaintiff has provided several exhibits.  *See Response* [#21] at Ex. A, Ex. B, Ex. C, Ex. D and Ex. E., *Response* [#24] at Ex. B, Ex. I, Ex. K.  If, on a motion to dismiss brought pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . ." Fed. R. Civ. P. 12(b); *see also Wheeler v. Hurdman*, 825 F.2d 257, 260 (10th Cir. 1987) (finding it "appropriate for the court . . . to convert the motion to a Rule 56 motion when extraneous evidence was submitted . . . .").

As materials outside the pleadings have been submitted and as failure to exhaust is an affirmative defense, the Court hereby notifies the parties that it will treat Defendants' Motion to Dismiss as one for summary judgment pursuant to Fed. R. Civ. P. 56 solely as to the issue of exhaustion of administrative remedies.  As such, Rule 56(c) requires that "the opposing party be given ten days notice prior to hearing of the motion within which to file opposing affidavits." *Building and Const. Dept. v. Rockwell Intern. Corp.*, 7 F.3d 1487, 1496-97 (10th Cir. 1993).  Finally, Plaintiff is directed that he has an obligation to "present some evidence to support [his] allegations; mere allegations, without more, are insufficient to avoid summary judgment." *Lawmaster v. Ward,* 125 F.3d 1341, 1349 (10th Cir.1997).  Moreover, only admissible evidence may be considered when ruling on a motion for summary judgment. *World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985).

Accordingly, IT IS HEREBY **ORDERED** that the parties are notified that the court will treat Defendants' Motion to Dismiss [Docket No. 18; Filed February 19, 2008] as a motion for summary judgment pursuant to Fed. R. Civ. P. 56 as to the issue of exhaustion

of administrative remedies.

IT IS FURTHER **ORDERED** that the parties may submit any further materials outside the pleadings that they wish to file <u>regarding the pending issue of exhaustion of administrative remedies only</u> on or before **August 14, 2008**.

                                BY THE COURT:

                                __s/ Kristen L. Mix_____

                                United States Magistrate Judge

Dated: July 31, 2008