IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00033-EWN-KLM

ROBERT E. STALLINGS,

    Plaintiff(s),

v.

GOVERNOR BILL RITTER, JR.,
ARISTEDES W. ZAVARAS, Ex. Dir.,
MICHAEL E. ARELLANO, Warden,
BETH KLINGENSMITH, Provider,
ROBERT CHAPMAN, CPT,
LABAZZETTA, L.T.,
PAULA FRANTZ, M.D.,
RITA FRITZ, SGT.,
WINGARD, CO, and
J. LARIMORE, CPT, all individually and in their official capacities,

    Defendant(s).
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendants' **Motion to Dismiss** [Docket No. 18; Filed February 19, 2008] ("Motion to Dismiss"). Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO.L.Civ.R. 72.1.C., the matter has been referred to this Court for recommendation. The Court has reviewed the Motion to Dismiss, Plaintiff's Responses [Docket No. 21; Filed March 6, 2008], [Docket No. 24; Filed March 12, 2008] and [Docket No. 58; Filed June 13, 2008], Defendants' Reply [Docket No. 31; Filed April 4, 2008], the entire case file, and the applicable law and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion to Dismiss

1

be **GRANTED**.

I. **Statement of the Case**

At the time of filing, Plaintiff was incarcerated at the Fort Lyon Correctional Facility ("FLCF"). On January 7, 2008, Plaintiff filed his *pro se* Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983, alleging that prison officials failed to provide him with a kosher vegan diet, pressured him to change his religious beliefs, harassed him due to his religious beliefs, and denied him corrective hip surgery [Docket No. 3]. Plaintiff alleges that this treatment violated his First and Eighth Amendment rights.

Plaintiff alleges that Defendants have denied him the kosher vegan diet that he believes is required by his religion. Indeed, the majority of Plaintiff's Complaint relates to the biblical foundation for his Jewish religious beliefs and his request for a kosher vegan diet. Plaintiff states, "[t]he religious basis for a Jewish vegan duet (kosher vegetarian), is based within the documents of Kabbalah . . . , the mystical philosophy of the Jewish religion . . . ." *Complaint* [#3] at 7. The documents contained within Plaintiff's Complaint establish that he has submitted several requests to receive a religious diet that have been denied by prison officials on the ground that there was no religious basis for a vegetarian diet, and therefore that Plaintiff was only entitled to a kosher diet. *See, e.g., Complaint* [#3] at 17, 18. It further appears that Plaintiff has submitted numerous Step 1 and Step 2 grievances related to his religious dietary requests that were denied on the grounds that there was no religious basis for a vegetarian diet, that his request for a kosher diet had been approved, and that proof of a religious basis for a vegetarian diet would be required prior to further review of Plaintiff's request. *See id.* at 21, 23. Plaintiff has also submitted Step 1 and Step

2 grievances related to his claims that prison officials have pressured him to change his religion in order to receive his desired kosher vegan diet. *Id.* at 24, 26. Plaintiff alleges that on August 7, 2007, he informed a "Sgt. Draper" that he was "having suicidal and homicidal ideations due to the pressure on Plaintiff to change his religious beliefs in order to receive the Kosher vegan diet that he desired." *Complaint* [#3] at 27. Plaintiff alleges that Sgt. Draper (not a party to this action) aggressively argued with him regarding Plaintiff's religious beliefs and pressured him to change these beliefs, which "played a significant part in [Plaintiff's] breakdown." *Id.* The documentation submitted by Plaintiff establishes that on August 7, 2007, Plaintiff was placed in administrative segregation due to suicidal and homicidal threats made to prison officials. *Id.* at 28. Plaintiff also alleges that the religious persecution he believes he has experienced began with this event on August 7, 2007, when certain officials allegedly refused to call the medical department and also made harassing jokes and comments in relation to Plaintiff's religious beliefs. *Id.* at 30. Plaintiff finally alleges that he is being denied corrective surgery for his right hip. *Id.* at 32. Plaintiff contends that he has been scheduled for a "total hip arthroplasty" but has yet to receive it, and that as a result he experiences severe pain in his right hip. *Id.* at 32-33.

Plaintiff alleges that these actions have violated his First and Eighth Amendment rights. He requests compensatory and punitive damages as against all Defendants in their individual and official capacities. *Id.* at 39. He further requests an injunction compelling prison officials to provide him with a vegan kosher diet and a "right total hip arthroplasty." *Id.*

Defendants have filed a Motion to Dismiss [#18]. In support of their Motion,

Defendants assert four justifications: (1) Defendants are immune to claims for damages in their official capacities; (2) Plaintiff has failed to exhaust his administrative remedies with regard to Claims One, Two and Three; (3) Plaintiff has failed to allege that Defendants Ritter, Zavaras, Arellano and Frantz personally participated in the alleged constitutional violations and (4) Plaintiff has failed to allege the personal participation of any named Defendant in Claim Four.

## II.     Discussion

### A.     Legal Standards Applicable to Plaintiff's Claims

#### 1.     Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1)

Rule 12(b)(1) motions generally take one of two forms. *See Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001). The moving party may either facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests. *See Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003) (citation omitted). Here, Defendants' jurisdictional challenge is a facial one, i.e. assertion of Eleventh Amendment immunity.

#### 2.     Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

When deciding a Motion to Dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the Plaintiff. *Erickson v. Pardus*, ____ U.S. ____, 127 S. Ct. 2197 (2007). Courts should look to the specific allegations of the

complaint to determine whether they plausibly support a legal claim for relief. *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). That is, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *TON Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1235 (10th Cir. 2007). The complaint must sufficiently allege facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed. *Lane v. Simon*, 495 F.3d 1182 (10th Cir. 2007). As the Tenth Circuit has explained, "the mere metaphysical possibility that <u>some</u> plaintiff could prove <u>some</u> set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that <u>this</u> plaintiff has a reasonable likelihood of mustering factual support for <u>these</u> claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174 (10th Cir. 2007). Additionally, a court evaluating a complaint tested by a motion to dismiss may only consider the complaint and any documents attached to it as exhibits. *Hall*, 935 F.2d at 1112; *see also Erickson*, 127 S. Ct. at 2200 (evaluating sufficiency of complaint by reference only to the allegations of the complaint). Here, Defendants assert that Plaintiff fails to state a claim for First and Eighth Amendment relief.

As an initial matter, I find that Defendants' Rule 12(b)(6) motion to dismiss on the basis that Plaintiff failed to exhaust his administrative remedies must be converted into a motion for summary judgment, as both Defendants and Plaintiff have submitted documents outside the pleadings to support their arguments. Defendants attached a sworn affidavit to their Motion to Dismiss regarding the exhaustion argument. *See Motion to Dismiss* [#18] at Ex. A. In turn, Plaintiff has attached several exhibits to his various responses. *See Response* [#21] at Exs. A - E, *Response* [#24] at Ex. B, Ex. I, Ex. K. In general,"[a] 12(b)(6) motion must be converted into a motion for summary judgment if 'matters outside

5

the pleadings are presented to and not excluded by the court' and 'all parties . . . [are] given a reasonable opportunity to present all material made pertinent to such a motion by [Fed. R. Civ. P. ] 56.'" *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997) (quoting *Brown v. Zavaras*, 63 F.3d 967, 970 (10th Cir. 1995); *see also Burnham v. Humphrey Hospitality Reit Trust, Inc.*, 403 F.3d 709, 713 (10th Cir. 2005) (holding that where the District Court relied on facts presented in affidavits, a Rule 12(b)(6) motion was properly converted into a motion for summary judgment).

When a court converts a Rule 12(b)(6) motion into a motion for summary judgment, "it must provide the parties with notice so that all factual allegations may be met with countervailing evidence." *Id.* (citing *Nichols v. United States*, 796 F.2d 361, 364 (10th Cir. 1986)). Accordingly, on July 31, 2008, the Court notified the parties that it would treat Defendants' Motion to Dismiss [#18] as a motion for summary judgment pursuant to Fed. R. Civ. P. 56 solely as to the issue of exhaustion of administrative remedies [Docket No. 69]. The Court permitted the parties to file any further materials outside the pleadings regarding the issue of exhaustion of administrative remedies. On August 11, 2008, Plaintiff timely filed four responses to the Court's Order [Docket Nos. 70, 71, 72 and 73]. On August 14, 2008, Defendants timely filed their response to the Court's Order [Docket No. 74].

        **3.**       **Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56**

In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the party opposing the motion, and that party must be afforded the benefit of all reasonable inferences to be drawn from the evidence. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). Fed. R. Civ. P. 56(c) provides that summary judgment

may be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating, by reference to portions of pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, the absence of genuine issues of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The party opposing the motion is then required to go beyond the pleadings and designate evidence of specific facts showing that there is a genuine issue for trial. *Id.* at 324. Only admissible evidence may be considered when ruling on a motion for summary judgment. *World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985).

Finally, because Plaintiff here is proceeding *pro se*, the Court construes his pleadings liberally. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003). Even so, Plaintiff still retains "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This burden remains because a "*pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.*

**B.     Analysis**

This action is brought pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit at equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

### 1. Official Capacity Claims

Plaintiff brings claims against Defendants in their individual and official capacities. *Complaint* [#3] at 1. However, the Eleventh Amendment is a jurisdictional bar to a suit for damages against the State of Colorado, and the defendants in their official capacities are considered an arm of the state for Eleventh Amendment purposes. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, any request for damages against Defendants in their official capacities is barred by the Eleventh Amendment. *White v. Colorado*, 82 F.3d 364, 366 (10th Cir. 1996).

However, I note that Plaintiff is suing for injunctive relief in addition to damages. *Complaint* [#3] at 39. Plaintiff's request for prospective injunctive relief against officials in their official capacity is not barred by the Eleventh Amendment. *Id.* That is, when a private party sues a state officer for prospective injunctive or declaratory relief from an alleged ongoing violation of the Constitution or federal laws, the suit is not considered to be against the state itself and the Eleventh Amendment does not apply. *See Ex Parte Young*, 209 U.S. 123, 159-60 (1908); *see also Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1205 (10th Cir. 2002). However, in order to establish his entitlement to this form of relief, Plaintiff's Complaint must include sufficient factual allegations to state a claim for a First or Eighth Amendment violation. *Abu-Fakher v. Bode*, 175 Fed. Appx. 179, 181 (10th Cir. Mar.

16, 2006) (unpublished decision).

As set forth below, the Court finds that Plaintiff's Complaint does not adequately state claims for First or Eighth Amendment violations. Because I find these claims must ultimately be dismissed, Plaintiff's claims for injunctive relief must also necessarily be dismissed. *See Blevins v. Reid*, 2008 WL 2428941, at *11 (D. Colo. June 12, 2008) (unpublished decision). Accordingly, the Court respectfully **RECOMMENDS** that the Motion to Dismiss be **GRANTED** insofar as it requests that all claims against Defendants in their official capacities be **DISMISSED WITHOUT PREJUDICE.**

### 2. Failure to Exhaust

Defendants argue that Plaintiff's first, second and third claims for relief are barred by Plaintiff's failure to exhaust his administrative remedies. *Motion to Dismiss* [#18] at 4.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, requires that a claim regarding prison conditions must first be exhausted at the facility level before a prisoner may challenge those conditions in federal court. Specifically, the exhaustion provision provides:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, ___, 127 S. Ct. 910, 918-19 (2007); *Woodford v. Ngo*, 548 U.S. 81, ___, 126 S. Ct. 2378, 2382 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory."). However, the burden is not on the plaintiff to sufficiently plead exhaustion

9

or attach exhibits proving exhaustion. *Jones*, 127 S. Ct. at 921. Rather, the burden is on the defendants to assert a failure to exhaust in their dispositive motion. *Id.* Following *Jones*, the Tenth Circuit has recognized that dismissal pursuant to § 1997e(a) for failure to exhaust administrative remedies cannot usually be made on pleadings without proof. *See Freeman v. Watkins*, 479 F.3d 1257, 1260 (10th Cir. 2007) (finding that "'only in rare cases will a district court be able to conclude from the face of the complaint that a prisoner has not exhausted his administrative remedies and that he is without a valid excuse'") (citations omitted). Moreover, the Tenth Circuit has held that "a district court cannot dismiss the complaint without first giving the inmate an opportunity to address the issue." *Aguilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007) (quotation and citation omitted).

Accordingly, on July 31, 2008, the Court notified the parties that it would treat Defendants' Motion to Dismiss [#18] as a motion for summary judgment pursuant to Fed. R. Civ. P. 56 solely as to the issue of exhaustion of administrative remedies [Docket No. 69]. The Court further directed the parties to respond with any additional materials on or before August 14, 2008. Although the failure to exhaust defense is generally viewed as an allegation that the complaint fails to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), *Jones*, 127 S. Ct. at 920-21, due to its Order converting the motion to one for summary judgment [#69], the Court analyzes the issue here pursuant to Fed. R. Civ. P. 56. As such, if the evidence presented does not create a genuine issue in Plaintiff's favor as to whether the claims were properly exhausted, Plaintiff's First, Second and Third Claims *must* be dismissed.

As a preliminary matter, the facility is tasked with the responsibility of establishing

grievance procedures. *Jones*, 127 S. Ct. at 923 ("[I]t is the prison's requirements, not the PLRA, that define the boundaries of proper exhaustion."). "Compliance with prison grievance procedures, therefore, is all that is required by PLRA to 'properly exhaust.'" *Baldauf v. Garoutte*, 2007 WL 2697445, at *4 (D. Colo. Sept. 11, 2007) (unpublished decision) (citing *Jones*, 127 S. Ct. at 922-23). Here, the CDOC grievance procedures and methods for tracking filed grievances are set forth in Administrative Regulation 850-04 ("AR 850-04").[1] *Motion to Dismiss* [#18] at Ex. 1. AR 850-04 requires that inmates first attempt to resolve any issue by filing a Step 1 grievance form. *Id*. If the inmate is not satisfied with the remedy provided after the Step 1 grievance, he must then file a Step 2 grievance and likewise file a Step 3 grievance if he is not satisfied with the response to his Step 2 grievance. *Id.* The Step 3 grievance is the final step in the CDOC grievance process. Once the inmate has received a response to his Step 3 grievance, he has fully exhausted his administrative remedies. *Id*.

The moving party bears the initial burden, by reference to portions of pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, to demonstrate the absence of genuine issues of material fact. *Celotex Corp.*, 477 U.S. at 325. In order to meet their initial burden, Defendants have provided the affidavit of Anthony Decesaro, a Step 3 grievance officer employed by the CDOC. *Motion to Dismiss* [#18] at Ex. 1. Mr. Decesaro states that he has "reviewed the records maintained by the CDOC concerning Step [3] grievances," and that "[t]here is no record that Robert Stallings, DOC

---

[1]Although Defendants do not attach the CDOC administrative grievance policy to their Motion to Dismiss, the Court may take judicial notice of CDOC's administrative processes. *Ray v. Aztec Well Serv. Co.*, 748 F.2d 888, 889 (10th Cir. 1984).

# 136958, filed a Step [3] grievance concerning: (1) denial of a Kosher Vegan diet; (2) force or coercion into changing his religious beliefs in order to obtain a Vegan diet; (3) mental stress and anxious [sic] caused by Captain Larimore and other [sic] with regards to his religion; or (4) religious prosecution and harassment with regards to his religion." *Id.*

As Defendants have met their initial burden, Plaintiff is then required to go beyond the pleadings and designate evidence of specific facts showing that there is a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 325. Plaintiff cannot merely rest upon the allegations contained in his Complaint and must instead respond with specific evidence showing the existence of a genuine factual issue to be tried. *Southway v. Cent. Bank of Nigeria*, 149 F. Supp. 2d 1268, 1273 (D. Colo. 2001) (citations omitted). "These facts may be shown 'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Id.* (citation omitted).

In Plaintiff's voluminous response to the Court's Order regarding conversion to summary judgment, he attaches numerous Step 1 and Step 2 grievances. *See, e.g.*, *Response* [#70] at 3-13; *Response* [#71] at 2-16. However, he provides only one Step 3 grievance, and this grievance appears to relate solely to Claim Four regarding his hip injury. *Response* [#70] at 2. Indeed, Defendants do not dispute that Plaintiff has exhausted his administrative remedies with regard to his Fourth Claim for Relief. However, Plaintiff provides no Step 3 grievance in relation to his claims that he was denied a kosher vegan diet, that he was coerced into changing his religious beliefs, or that he was harassed or persecuted on the basis of his religious beliefs. Rather, Plaintiff states that "the Defendant(s) only once sent back a third step grievance and that came back blank. No response." *Id.* at 1. In his other responses, Plaintiff reiterates his allegation that he has

12

filed Step 3 grievances in the past, but that this paperwork was not responded to by the CDOC.  *See, e.g.*, *Response* [#71] at 1; *Response* [#73] at 1.  However, even if the Court were to find that these statements provide evidence that Plaintiff exhausted his administrative remedies, I note that Plaintiff's Responses do not make any reference to any of the statements asserted therein as being attested under oath, as required by Fed. R. Civ. P. 56(e).  Therefore, Plaintiff's unsworn Responses are not sufficient to create a genuine issue as to any material fact, and they need not be considered by this Court.  *See, e.g.*, *Hayes v. Marriott*, 70 F.3d 1144, 1148 (10th Cir. 1995) (holding that unsworn statements did not warrant the grant of summary judgment); *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988) (holding that a notarized affidavit which is "neither sworn nor its contents stated to be true and correct nor stated under penalty of perjury . . . is incompetent to raise a fact issue precluding summary judgment"); *Gallegos v. Swift & Co.*, 237 F.R.D. 633, 641 (D.Colo. 2006) (finding that courts "need not consider evidence that does not conform to [the] requirements" of Fed. R. Civ. P. 56(e)).

Next, upon review of the Complaint, while Plaintiff has attached numerous Step 1 and Step 2 grievances, he again fails to provide any Step 3 grievances.  *See, e.g*, *Complaint* [#3] at 21-24.  However, when asked whether he exhausted his available administrative remedies, Plaintiff checked "yes," and further stated, "[p]lease understand that Fort Lyon Department of Corrections never reply [sic] on the 3rd remedy."  *Complaint* [#3] at 38.  Plaintiff again appears to be making the argument that he submitted Step 3 grievances in relation to his claims, but that they were never responded to by the CDOC.  As Plaintiff has submitted his Complaint sworn under penalty of perjury [#3 at 39], the Court may treat it as an affidavit.  *Green v. Branson*, 108 F.3d 1296, 1301 n.1 (10th Cir. 1997);

13

*see also Conaway v. Smith*, 853 F.2d 789, 792 (10th Cir. 1988) ("Although a nonmoving party may not rely merely on the unsupported or conclusory allegations contained in his pleadings, a verified complaint may be treated as an affidavit for purposes of summary judgment if it satisfies the standards for affidavits set out in Rule 56(e)."). "Rule 56(e) requires that the affidavit be based on personal knowledge, contain facts which would be admissible at trial, and show that the affiant is competent to testify on the matters stated therein." *Conaway*, 853 F.2d at 792.

Where the court treats a verified complaint as an affidavit, whether this affidavit in opposition to summary judgment is "sufficient to create a genuine issue of material fact must be evaluated in light of the principle that 'conclusory allegations without specific supporting facts have no probative value.'" *Nichols v. Hurley*, 921 F.2d 1101, 1113 (10th Cir. 1990) (quoting *Evers v. GMC*, 770 F.2d 984, 986 (11th Cir. 1985)). That is, "there may be cases where the sole reliance on a verified complaint would be insufficient to meet a nonmoving party's burden . . ., especially when the allegations contained in the pleading are merely conclusory." *Conaway*, 853 F.2d at 792-93; *see also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 885 (1990) (finding that an affidavit merely stating conclusory allegations is insufficient to withstand a defendant's properly supported motion for summary judgment). "Unsupported allegations without 'any significant probative evidence tending to support the complaint' are insufficient . . . as are conclusory assertions that factual disputes exist." *Southway*, 149 F. Supp. 2d at 1273. That is, Plaintiff must present evidence that is "based on more than 'mere speculation, conjecture, or surmise' to defeat a motion for summary judgment." *Id.* at 1274 (quotation omitted).

While Plaintiff apparently alleges that he filed unanswered Step 3 grievances, he has

14

not offered any evidentiary support for these bare assertions, even though he was previously warned that he must submit admissible evidence in order to successfully oppose summary judgment. *See Order* [#69] at 3 ("Plaintiff is directed that he has an obligation to 'present some evidence to support [his] allegations; mere allegations, without more, are insufficient to avoid summary judgment' . . . . [O]nly admissible evidence may be considered when ruling on a motion for summary judgment."). Further, Plaintiff has not presented any evidence showing that FLCF "never" responds to Step 3 grievances, and indeed, Plaintiff's submission of a Step 3 grievance in relation to his Fourth Claim for Relief belies Plaintiff's assertion. Moreover, Plaintiff has not submitted a Step 3 grievance in relation to Claims 1-3 that he allegedly filed but that prison officials failed to respond to. The absence of any evidence relevant to his burden here, other than Plaintiff's conclusory allegation that FLCF "never" responds to Step 3 grievances, does not excuse his obligation to exhaust and is insufficient to create a genuine issue of material fact. *See, e.g.*, *D'Amico v. City of New York*, 132 F.3d 145, 149 (2nd Cir. 1998) (holding that the party opposing summary judgment "may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful"); *Maclary v. Carroll*, 142 Fed. Appx. 618, 620 (3rd Cir. Aug. 9, 2005) (unpublished decision) (finding that prisoner's opposition to motion for summary judgment was insufficient where prisoner responded to an affidavit stating that he had filed no grievances by merely responding that he had filed unanswered and unprocessed grievances and letters to prison officials); *Brooks v. Johnson*, 2008 WL 906130, at *6 (D. Colo. Feb. 15, 2008) (unpublished decision) (finding that the plaintiff's failure to provide any evidence that he appealed his grievances required granting summary judgment to the defendants on the

issue of exhaustion); *Brooks v. Conway*, 2007 WL 951521, at *4 (W.D.N.Y. Mar. 28, 2007) (unpublished decision) (holding that inmate's "bald and conclusory assertions" that the defendants lost his grievances were, without more, insufficient to avoid summary judgment based on failure to exhaust); *see also Anderson*, 477 U.S. at 250 ("when a properly supported motion for summary judgment is made, the adverse party 'must set forth *specific facts* showing that there is a genuine issue for trial.'") (emphasis provided).

Accordingly, I find that "no reasonable juror could find for the non-moving party based on the evidence presented in the motion and response." *Southway*, 149 F. Supp. 2d at 1273. As such, I respectfully **RECOMMEND** that the Motion to Dismiss be **GRANTED** and that Plaintiff's First, Second and Third Claims be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

### 3. Failure to Allege the Personal Participation of Any Named Defendant in Claim Four

Plaintiff's Fourth Claim for Relief alleges that he is being denied corrective hip surgery, namely a "reimplantation of his right total hip arthroplasty." *Complaint* [#3] at 32. Defendants allege that Claim Four must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), as Plaintiff has failed to allege the personal participation of any named Defendant.

To allege an Eighth Amendment claim based upon deliberate indifference to his medical needs, Plaintiff must assert: (1) a sufficiently serious deprivation of medical care; and (2) that the defendant responsible for the deprivation acted with a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Further, to maintain claims for deliberate indifference against any Defendant, Plaintiff must allege facts showing that

16

the Defendants were personally involved in the decisions leading to Plaintiff's mistreatment. That is, when a defendant is sued in his individual capacity, the Complaint must allege facts that show the defendant *personally participated* in the alleged violation. *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (emphasis provided). As *respondeat superior* is not within the purview of 42 U.S.C. § 1983, *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983), the Tenth Circuit has held that a supervisor cannot be held liable for his employees' actions based solely on his supervisory position. *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006); *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996). Therefore, "it is not enough for a plaintiff merely to show a defendant was in charge of other state actors who actually committed the violation. Instead, . . . the plaintiff must establish 'a deliberate, intentional act by the supervisor to violate constitutional rights.'" *Serna*, 455 F.3d at 1151 (citing *Jenkins*, 81 F.3d at 994-95). Further, the supervisor must be personally "involved in the constitutional violation," and a "sufficient causal connection" must exist between the supervisor and the constitutional violation. *Id.* (quoting *Rios v. City of Del Rio*, 444 F.3d 417, 425 (5th Cir. 2006)). To establish this, *Serna* held that "a plaintiff must show an 'affirmative link' between the supervisor and the violation, namely the active participation or acquiescence of the supervisor in the constitutional violation by the subordinates." *Id.* (citations omitted).

Plaintiff does not attempt to establish an affirmative link between Defendants' conduct and the alleged constitutional violation based upon their direct or active participation. Instead, Plaintiff seems to rely entirely on the argument that Defendants failed to adequately supervise or control the employees charged with providing Plaintiff medical care. Plaintiff argues "that parties or Defendant(s) has [sic] engaged in illegal acts

17

with gross negligent [sic] in managing the people on a [sic] individually and official capacities, while ignoring indifferences [sic] to the . . . plaintiff [sic] serious needs . . . ." *Response* [#21] at 17. Here, the allegations underlying Plaintiff's claimed constitutional violations by the named Defendants are general, vague and conclusory. There are absolutely no factual averments in his Complaint, or even in his combined Responses to the Motion to Dismiss, that suggest that the named Defendants had any actual knowledge, through the grievance procedure or otherwise, of facts from which the inference could be drawn that their employees were being deliberately indifferent to Plaintiff's serious medical needs. Plaintiff does not identify any specific action that any of the named Defendants took that gave rise to a constitutional violation. Nor has Plaintiff alleged that any of the named Defendants personally caused or participated in the alleged constitutional violations. *See Mckee*, 703 F.2d at 483. Plaintiff has not demonstrated that any of the named Defendants had any direct contact with him in relation to his medical needs or that they actually knew of and acquiesced in the alleged violations. As Plaintiff has failed to establish an affirmative link between the alleged constitutional violations and any of the named Defendants, he has presented no basis for holding them liable in their individual capacities pursuant to § 1983. *See, e.g., Serna*, 455 F.3d at 1151; *Lucero v. Hilkey*, 2008 WL 552863, at *20 (D.Colo. Feb. 27, 2008) (unpublished decision); *Blevins*, 2008 WL 2428941 at *11 (finding that Complaint must be dismissed for failure to allege the participation of any named defendant).

Accordingly, I respectfully **RECOMMEND** that the Motion to Dismiss be **GRANTED** and that Plaintiff's Fourth Claim for Relief be **DISMISSED WITH PREJUDICE** for failure to

state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

## IV. Conclusion

As set forth above, I respectfully **RECOMMEND** that Defendants' **Motion to Dismiss** [Docket No. 18; Filed February 19, 2008] be **GRANTED** and that Claims One, Two and Three be **DISMISSED WITHOUT PREJUDICE**, and that Claim Four be **DISMISSED WITH PREJUDICE**.

FURTHER, IT IS **ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this Recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *In re Key Energy Resources Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated: August 22, 2008